MECHANICS FOUNDRY AND MACHINE COMPANY *vs.* JOHN LYNCH
& others.

Bristol.    October 25, 1920. — November 27, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Labor. Strike. Equity Jurisdiction,* To enjoin strike.

A strike of workmen which is for the sole object of compelling the employer to re-employ a discharged fellow workman of the strikers is a strike for an unlawful purpose, and it will be enjoined in a suit in equity by the employer against the strikers, even if no illegal means are employed to carry it into effect.

BILL IN EQUITY, filed in the Superior Court on March 13, 1920, against four officers and twenty-six other members of the International Moulders' Union No. 48, who on March 2, 1920, were employed by the plaintiff, to enjoin a strike.

The suit was referred to a master. Material findings of the master are described in the opinion. The master's report was confirmed and a final decree was entered, reciting that the defendants "struck, in order to compel the plaintiff to reinstate a fellow workman [Cornelius Lynch] who had been discharged. Said strike was unlawful. On the seventeenth day of March, said Moulders' Union voted to request the International Board to declare the plaintiff's shop closed to union men. By that act, they threatened to ratify said unlawful strike and to continue it." The decree ordered that the union, "its officers, members and agents, be perpetually enjoined from combining and conspiring to compel the plaintiff to take Cornelius Lynch back into its employ; from ratifying the present strike; from entering into any strike for the purpose of compelling the plaintiff to take back Lynch; from declaring or seeking to have declared the plaintiff's shop closed to union men in aid of such a strike or such a purpose; and from seeking in furtherance of such a strike to prevent by persuasion, coercion or intimidation other workmen, whether union men or non-union men, from entering or continuing in the plaintiff's employ." The defendants appealed.

The case was submitted on briefs.

*E. Higginson,* for the defendants.

*A. S. Phillips,* for the plaintiff.

CARROLL, J.   The master found that thirty employees of the plaintiff, named in the second paragraph of his report, refused to work and struck.   On February 20 and 21, there was a discussion between the plaintiff's manager and the employees concerning shop conditions, in which discussion Cornelius Lynch, an employee, took an important part.   He also found that Lynch and the manager "became personal."   The shop conditions were satisfactorily adjusted and all the employees except Lynch returned to work on February 23.   On March 2, when Lynch came to the foundry, he was discharged "because of his attitude on February 20 and 21;" and thereupon the defendants struck because Lynch was not given employment.   There has been no "picketing, boycotting or other acts or proceedings, other than that the moulders employed by the plaintiff remained away from their work."   The bill was brought to restrain the defendants from continuing the strike, to prevent them from interfering with the plaintiff's business and its employees, and from paying money to the apprentices in the plaintiff's employ, or to any other person, as an inducement to remain out, or to quit the plaintiff's employment.   A decree was entered in favor of the plaintiff.   The form of the decree is not questioned and we do not consider it.   The only issue before us on this appeal is whether a strike to compel the plaintiff to employ a discharged workman is a lawful strike.

Every person has a legal right to dispose of his own labor as he wishes, and to work for whom he pleases.   He may refuse to work with another because that person is distasteful to him, or for any other reason.   *Plant* v. *Woods,* 176 Mass. 492, 498. *Pickett* v. *Walsh,* 192 Mass. 572, 582.   The employer also has a right freely to contract, the right to select his employees, and to decide when to engage and discharge them.   *L. D. Willcutt & Sons Co.* v. *Driscoll,* 200 Mass. 110, 118.   *Vegelahn* v. *Guntner,* 167 Mass. 92, 97.   *Haverhill Strand Theatre, Inc.* v. *Gillen,* 229 Mass. 413.

In *Coppage* v. *Kansas,* 236 U. S. 1, and *Adair* v. *United States,* 208 U. S. 161, it was held that neither Congress nor the States could interfere with the liberty of contract and penalize an em-

ployer for threatening an employee with the loss of employment because of his membership in a labor organization, or punish an employer for requiring his employees to agree not to become members of such an organization as a condition of securing or retaining employment. (See R. L. c. 106, § 12.) A combination of men to close the employment to all but members of certain organizations is unlawful and can be restrained. *Cornellier* v. *Haverhill Shoe Manufacturers' Association,* 221 Mass. 554. If for any reason the employer sees fit to discharge an employee, he has that right and it cannot be taken away from him.

While the individual employee may refuse for any cause to continue in the plaintiff's service, the defendants could not conspire and combine to quit and enforce a strike because the plaintiff refused employment to a fellow workman. The plaintiff had the right in law to do what he did, and the combination of employees to bring about a strike for the cause alleged, is unlawful in the end it sought, even if no illegal means were used to carry it into effect. *Pickett* v. *Walsh, supra. Martell* v. *White,* 185 Mass. 255. In DeMinico v. Craig, 207 Mass. 593, it was decided that a strike to get rid of a foreman because some of the employees had a dislike for him, was not a strike for a legal purpose. A strike because a fellow workman is discharged stands on the same ground and is governed by the same principle, and while a body of men may lawfully strike to better their conditions, the mere refusal to continue the employment of one of their number is not such a condition as to justify them in combining to enforce a strike. *DeMinico* v. *Craig, supra.*

When Lynch was discharged there was no dispute about wages or hours of labor, the dispute concerning working conditions had been settled to the satisfaction of all the parties; and the only reason for the strike was the discharge of Lynch and the refusal to employ him. As the strike was for an unlawful purpose, it was properly restrained.

*Decree affirmed.*